UNITED STATES of America ex rel. Charles TOWNSEND, Petitioner-Appellant,

v.

John J. TWOMEY, Warden of Illinois Penitentiary, Respondent-Appellee.

No. 73–1994.

United States Court of Appeals, Seventh Circuit.

March 18, 1974.

---

Charles Townsend, pro se.

William J. Scott, Atty. Gen., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, PELL, and STEVENS, Circuit Judges.

PELL, Circuit Judge.

This is an appeal by Charles Townsend, petitioner in the district court and a prisoner in Stateville Penitentiary, Joliet, Illinois, from the dismissal of his petition for a writ of habeas corpus. Noting our jurisdiction to entertain this appeal under 28 U.S.C. § 2254, we have considered the merits of the appeal on the record and briefs filed herein, without oral argument, pursuant to Rule 2, Fed.R.App.P.

Although the history of the Townsend litigation is an extensive one, that portion prior to November 19, 1971, need not be set out herein since it is reported in United States ex rel. Townsend v. Twomey, 452 F.2d 350 (7th Cir. 1971), which opinion was filed on the date mentioned. Our expression in that opinion of a lack of optimism that the end of the trail of this particular litigation had been reached appears to be justified by subsequent and somewhat complex

developments as reflected in the file before us.

The mandate of this court following our opinion was issued on January 24, 1972, and in pertinent part reads as follows:

"ON CONSIDERATION WHEREOF, it is ordered and adjudged by this court that the judgment of the said District Court in this cause appealed from be, and the same is hereby, REVERSED, and, that this cause be and the same is hereby REMANDED to the said District Court with the directions that the State of Illinois be given the option of determining within a reasonable time to be fixed by that Court, but not more than four months, whether to (1) resentence the defendant without a retrial on the issue of guilt, provided such procedure is appropriate under the Illinois law, or (2) vacate his conviction and sentence to be followed by retrial. If neither option is exercised within the time fixed by the District Court, the writ must be granted and the appellee released, in accordance with the opinion of this Court . . . . ."

Although the present record does not disclose what action the district court took upon remand, we assume that an appropriate order was entered relating to the time for state action.[1]

On August 13, 1973, Townsend filed *pro se* a petition for habeas corpus in the district court. Although it would appear from the files which have reached us that 67 C 389 was still pending in the district court, the *pro se* petition was given a new number, 73 C 2070; however, it was assigned to the same judge to whom the previous habeas proceedings had been returned on remand.

In his 1973 petition, Townsend answered the questions pertinent here exactly as follows:

"10. State concisely the grounds on which you base your allegation

---

1. The district court file number in the case to which the remand applied was 67 C 380.

that you are being held in custody unlawfully:

(a) The Circuit Court of Cook County has not complied with orders handed down by a higher Court which issued orders in the interem of Court decisions, petitioner be given bond on his own recognizance while awaiting trial.

(b) The Circuit Court of Cook County has failed in it duties in either vacating conviction of petitioner and retrial to follow or resentence petitioner without a retrial and if neither given option is exercised the petitioner was to be released.

(c) In The United States Court of Appeals for the Seventh Circuit on November 19, 1971, petitioner's case was reversed and remanded with the above options which remain in the Circuit Court of Cook County in which said court has not exercised the within and not more than four months, given as an option to retrial or resentence the petitioner or release the petitioner, and petitioner is being held in custody contrary to due process and equal protection of the law as guaranteed by both State and Federal Constitutions.

11. State concisely and in the same order the facts which support each of the grounds set out in (10):

(a) Petitioner requested on December 29, 1972, that judge power instantly set a date to hear and judge the matter before his court in order that petitioner's Constitutional rights be protected and enforced and that he receive due process and equal protection of the law, however, the Circuit Court of Cook County has refused to follow orders issued by a higher court to in the interim, release the petitioner on his own recognizance bond while awaiting trial.

(b) The opinion of the United States Court of Appeals For The Seventh Circuit, April Session, 1971 United States ex rel. Charles Townsend, v. John J. Twomey, 452 F.2d 350, at p. 363, last paragraph, this decision was reversed and remanded with the option of determining within a reasonable time to be fixed by the Federal District Court directing the State of Illinois to (1) resentence the defendant without a retrial or (2) vacate his conviction and sentence to followed by a retrial. If neither option is exercised within the time fixed appellant was to be released.

(c) It is evident that Petitioner is being held in contrary to due process and equal protection of the law. Issues that should have long been disposed of or decided on are still pending in the Circuit Court of Cook County without a proper hearing as records before the Cheif Justice Joseph A. Power will show that the above court has refuse to comply with matters of law that has already been directed to this court by a higher court, and is continuing to denie your petitioner of due process and equal protection of the law."

It appears that Townsend does not read the mandate of this court as we do. That order did not require that he be either resentenced or retried within the maximum four-month period but rather that the state should exercise its option within that period by deciding which route, if either, would be taken.

On October 13, 1973, the district court granted the state's motion to dismiss on the basis that further state remedies were available to the petitioner and had not been exhausted. The present appeal followed.

The difficulties of a proper resolution of the case increase at this point because we are uncertain as to the interpretation put on the 1973 petition by the district court. It appears to us that the petition is susceptible of being construed in any of at least three ways: (a) that the state had failed either to resentence or retry Townsend within the specified period; (b) that the state had failed to exercise its option to make the determination of what it would do within the specified period; or (c) that the state had on a timely basis exercised an option specified in the mandate but had so slowly implemented its decision that Townsend was thereby deprived of constitutional rights.

Townsend's interpretation appears to be the first of these. However, as we have already observed herein, we do not construe the mandate as requiring that either of these processes need be entirely completed within the specified time, although the determination did have to be made on a timely basis. If the second interpretation is correct, then it would appear that under the mandate of this court the petition, however designated by Townsend, could have been properly deemed to be a request to the district court to grant the writ and discharge the petitioner for failure of the state to make the determination. If either of the first two interpretations is correct, we do not understand why the present petition was docketed as a new case inasmuch as the existing, and presumably still pending, habeas proceedings would appear to have been the proper vehicle for further proceedings consistent with the mandate of this court.

On the other hand, if the third interpretation is the correct one, then new matters are involved, and we would not know why the ordinary rule as to exhaustion of state remedies would not be applicable.

In reviewing the district court's grant of a motion to dismiss, we ordinarily accept the facts as alleged in the petition. The difficulty here is, of course, to determine what those facts are.

We have been furnished with divers documents by both parties, and while it is not entirely clear that all of the documents are properly to be considered as a part of the appeal record, we do not propose to be overly technical on this *pro se* appeal. Therefore, we note from the documents we have been furnished that Townsend was resentenced on January 16, 1974, to a term of 14 years to 50 years. The resentencing thus did not occur until approximately two years after the issuance of the mandate of this court. In its brief filed in this court, the state indicates that it "had properly exercised its option for resentence without retrial consistent with the federal mandate. The delay in the actual imposition of sentence resulted almost entirely from petitioner's own conduct." Elsewhere in the papers there is an indication that in the state criminal court subsequent to the remand, continuances of the sentencing were secured by counsel for Townsend. A photocopy of the memorandum of orders from the state court is among the papers but we candidly are unable to determine from the longhand, abbreviated type of entries just what did occur with respect to continuances, other than that final disposition was not speedily reached.

We also note that the district court is now engaged in proceedings in 67 C 389 concerning Townsend's claim that the state did not comply with this court's 1972 mandate.

To the extent that the petition involved in this appeal proceeds on the theory that while the state may have made the required determination within time, it nevertheless deprived Townsend of constitutional rights because of the two-year delay in completion of the process, we would affirm the dismissal of the petition. Whether or not the delay which in fact occurred resulted from petitioner's own conduct, as claimed by the

state, is a matter which, in our opinion, should be factually determined in state post-sentencing procedures. It has not been demonstrated that such procedures are not available. While we are of the opinion that Townsend did not proceed on this third theory, we do note that the petition could be susceptible of such an interpretation. Finally, as to this phase of the case, we do not intend to express any opinion as to whether a two-year delay in sentencing following a timely determination to resentence would constitute a deprivation of constitutional rights. We will confront that rather novel question if and when it is squarely presented to us, which it is not now.

Because the petition as it was filed basically is challenging the state for noncompliance with the mandate of this court, we dismiss the appeal and remand to the district court with the direction that the petition and other documents herein be consolidated with 67 C 389.

While we do not deem that it would be necessary under the mandate of this court for Townsend to file a further petition for habeas corpus in the event the state did not in fact exercise either of its options within the time limited, since the district court was directed upon such failure to grant the writ which was petitioned for in 67 C 389, nevertheless, the averments of the 1973 petition will serve as a supplementary petition crystallizing Townsend's contentions of noncompliance.

In our opinion, the only issue before the district court will be whether the state did "determine," within the meaning of the mandate as herein set out, to resentence Townsend within a reasonable time specified, not exceeding four months after the issuance of the mandate.

Townsend has, *inter alia*, during the pendency of this appeal filed for mandamus. That relief is denied.

Appeal dismissed and remanded for appropriate proceedings.